1  TERRACE ELLIS, PLAINTIFF
   1617 FOXWORTHY AVENUE
2  SAN JOSE, CA 95118
   Telephone: (408) 621-6210
3  Email: sunhomme@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS ) | Case No. CV 15 2701 HRL |
| Plaintiff. ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| ) | VIOLATIONS OF TELEPHONE CONSUMER |
| v. ) | PROTECTION ACT *47 U.S.C. § 227* |
| ) | |
| BAY AREA ENERGY ) | Demand Exceeds $25,000 |
| GROUP; SOLEEVA ENERGY ) | |
| INC.; AND DOES 1-20 ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff alleges the following against Bay Area Energy Group, Soleeva Energy Inc., and Does 1-20 (Defendants):

### INTRODUCTION

1. Count 1 of Plaintiff's Complaint is based on violations of *47 U.S.C. § 227*, the Telephone Consumer Protection Act (TCPA).

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by *47 U.S.C. §227 (b)(3)*.

3. Venue is proper in this District pursuant to *28 U.S.C. §1391b*. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

conduct complained of occurred here.

4. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

6. Upon information and belief, Defendants are California companies authorized to conduct business in California.

7. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiff is informed and believes and based on such information and belief avers that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

## FACTUAL ALLEGATIONS

8. The TCPA (47 U.S.C. § 227) was enacted by Congress in 1991 to address the volume of unwanted phone calls made and faxes and text messages sent to the public.

9. The TCPA §227(b)(1)(A) makes it "unlawful for any person within the United States…to make **any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…". (emphasis added)

10. In October 2013, the Federal Communications Commission (FCC) further restricted

telemarketer's unwanted calls by requiring any telephone call or text message that includes an advertisement or constitutes telemarketing, using an automatic telephone dialing system (ATDS or auto-dialer) or artificial or prerecorded voice, be made only with the prior express *written* consent of the called party.

11. The FCC concluded that a consumer's written consent to receive an auto dialed telemarketing call to a wireless number is required and that the consent must be signed and be sufficient to show that the consumer (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. *(See 2012 TCPA order, 27 FCC Rcd at 1844, para 33)*

12. Moreover, the new FCC rules also removed the established business relationship exemption from prerecorded telemarketing calls to **residential lines**. This exemption never applied to calls made to cell phones. Effective October 2013, all telemarketers were required to obtain the consumer's prior express written consent in order to initiate calls to cell phones using an ATDS. This requirement, which also applies to affiliates, exists regardless of whether there is a purported existing business relationship with the consumer.

13. Upon information and belief, Plaintiff avers that Defendants Soleeva and Bay Area Energy Group (BAEG), and each one of them, are and at all material times have been the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the violative acts and omitting to act as averred herein.

14. Under the TCPA, litigants can seek injunctive relief; actual damages or both (47 U.S.C. § 227(B)(3). Courts also have the discretion to treble damage awards if a violation of the act is "willful and knowing"; i.e. each violation of the act could be increased from $500 to $1500 in the court's discretion.

15. Defendants BAEG and Soleeva willfully or knowingly violated the TCPA in that their

-3-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

frequent calls to Plaintiff were not made in error, were conscious, deliberate and voluntarily made.

16. From February 6, 2014 thru March 12, 2014, Defendants placed 18 telemarketing phone calls to Plaintiff's cell phone attempting to sell energy savings products or services. Defendants' calls to Plaintiff total eighteen (18) within a 34-day period.

17. Upon answering the calls, Plaintiff heard a pause, followed by a click, then a representative came on the line and informed her that BAEG was calling in an attempt to market solar services or products to Plaintiff.

18. Each representative responded in the affirmative when Plaintiff asked if they were calling from an auto dialer.

19. Each representative was told by Plaintiff that she was not interested in their products/services and was asked to add Plaintiff's name to BAEG's do not call list. Plaintiff also advised them that she was on the national Do Not Call list as of June 30, 2003.

20. Defendants were never given "prior express written consent" to contact Plaintiff's cell phone number 408-621-6210.

21. Defendants placed repeated calls to Plaintiff's cell phone number from telephone numbers 408-713-2906, 408-713-2908, 408-713-2912, and 408-713-2913.

22. On February 6, 2015, Plaintiff asked Defendants to cease calls to her cell phone number. Defendants continued to make 17 additional calls.

23. On January 12, 2015 Plaintiff sent a written communication to BAEG in an effort to resolve this matter. The response did not come from BAEG but a representative from Soleeva. The response indicated that they (BAEG and Soleeva) had received Plaintiff's communication and stated that "we are a subcontractor of PG&E..."

24. Plaintiff maintains that even if Defendants are subcontractors of PG&E, the TCPA requires express written consent be obtained by Defendants *prior* to calling Plaintiff's cell phone using

COMPLAINT AND DEMAND FOR TRIAL BY JURY

ATDS equipment.

## COUNT 1

**DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

25. Plaintiff re-alleges paragraphs 1-24 as though fully set forth herein.

26. Defendants BAEG and Soleeva demonstrated willful or knowing non-compliance with 47 U.S.C. §227 (b)(1)(A) by using an automatic telephone dialing system to call Plaintiff's number 18 times, which is assigned to a cellular telephone service.

27. Defendants BAEG and Soleeva failed to obtain express written consent prior to making these calls to Plaintiff's cell phone from February 6, 2014 thru March 12, 2014.

28. Defendants have committed 18 separate violations of 47 U.S.C. §227 (b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227 (b)(3)(B) for their willful and knowing violations.

29. Plaintiff is entitled to damages against Defendants for actual and statutory damages, and costs pursuant to *47 U.S.C. §227(b)3, (c)(3) & (c)5.*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for their willful and knowing acts in violation of the TCPA, and further requests: actual damages, statutory damages, punitive damages, costs, reasonable attorney's fees, and for such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: June 15, 2015

By: _____ Terrace Ellis

-5-

COMPLAINT AND DEMAND FOR TRIAL BY JURY